PHILIP R. SELLINGER
United States Attorney
JOHN STINSON
Assistant U.S. Attorney
401 Market Street, 4th Floor
Camden, NJ 08101
Tel. 856-757-5139
e-mail: John.Stinson@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHAEL A. DiLAURO
Senior Admiralty Counsel
Aviation, Space & Admiralty Litig.
Torts Branch, Civil Division
U.S. Department of Justice
(overnight courier)
175 N St., N.E., Ste. 11.214
Washington, D.C. 20002
(mailing)
P.O. Box 14271
Washington D.C. 20044-4271
Telephone: (202) 616-4047
Facsimile: (202) 616-4159
Email: michael.dilauro@usdoj.gov
*Counsel for the United States*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELSIE E. DOMINGUEZ,<br>*Plaintiff*,<br>v.<br>UNITED STATES OF AMERICA,<br>*Defendant*. | Civil Action No. 23-CV-22724 (GC)(JBD)<br><br>**MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO STAY, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE** |

## Introduction

Plaintiff alleges that while she was serving as a civilian mariner aboard the USNS Carson City, the ship's master entered her stateroom as she slept and raped her. Rape is a reprehensible crime, and the Naval Criminal Investigative Service is investigating this serious allegation.

When employed by the United States, civilian mariners such as Plaintiff are federal employees. This is significant because in *Johansen v. United States*, 343 U.S. 427 (1952), the Supreme Court held that the Federal Employees' Compensation Act

(FECA) establishes the exclusive mechanism for civilian mariners employed by the federal government to recover for damages "resulting from personal injury sustained while in the performance of [the employee's] duty." *Id.* at 432. It is well-settled that, where there is a "substantial question" as to whether FECA applies, courts lack subject-matter jurisdiction to adjudicate a suit, unless the U.S. Department of Labor has concluded that the injury at issue is *not* covered by FECA. *See DiPippa v. United States*, 687 F.2d 14, 16 (3d Cir. 1982).

Here, the Department of Labor determined that if Plaintiff's allegations are found to be true, there is a substantial likelihood that her claim would be covered by FECA. Accordingly, this Court should stay proceedings pending a final coverage determination by the Department of Labor.[1] This would give Plaintiff an opportunity to obtain recovery through the federal government's workers' compensation system (*i.e.*, FECA), while at the same time preserving her ability to maintain suit if the Department of Labor were to conclude that recovery under FECA is unavailable for this type of injury. As it stands, however, longstanding Supreme Court precedent dictates that this Court may not exercise jurisdiction until that statutorily mandated process is completed.

Alternatively, if the Court were to find it has subject matter jurisdiction, venue

[1] The events at issue occurred on December 19, 2021. Compl., ECF No. 1 ¶ 1. The statute of limitation period for filing a FECA claim with the Department of Labor is three years. *See* 5 U.S.C. § 8122(a) ("An original claim for compensation for disability or death must be filed within 3 years after the injury or death."). A claim is also timely if a claimant can show that her supervisor knew of the injury within 30 days of its occurrence. *Id.*

is improper. Under the Public Vessels Act (PVA), venue is proper only in the Eastern District of Virginia. Accordingly, if the Court has subject-matter jurisdiction, it should transfer this case to that district for disposition.

**Background**

Plaintiff Elsie Dominguez, a career mariner, alleges that in December of 2021 she was sexually assaulted aboard the USNS Carson City, a government vessel, while "employed as a civilian federal employee by the U.S. Navy's Military Sealift Command ('MSC')." Compl. ¶ 9. Ms. Dominguez served as the ship's First Assistant Engineer, *id.* ¶ 1, a position that required her to operate the ship's machinery and supervise its maintenance.[2] According to the Complaint, the ship's master entered her stateroom as she slept and raped her. *Id.* ¶ 6. At the time, the ship was in Italy. *Id.* ¶ 9. Ms. Dominguez contends that the event was foreseeable, *id.* ¶¶ 79-84, and that others in the government should have taken steps to prevent it. *Id.* ¶¶ 85-98.

FECA, 5 U.S.C. § 8101, *et seq.*, is a federal workers' compensation statute that provides benefits to federal employees who suffer work-related injuries, illnesses, or disabilities. Under FECA, the United States must "pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . ." 5 U.S.C. § 8102(a).

The Secretary of Labor is authorized to administer FECA, to prescribe necessary rules and regulations thereunder, and to delegate her powers under FECA

[2] *See* EduMaritime https://www.edumaritime.net/uscg-mmc/uscg-requirements-for-first-assistant-engineer (last visited Dec. 8, 2023).

to Department of Labor employees. *Id.* §§ 8145, 8149. FECA's administration is delegated to the agency's Office of Workers' Compensation Programs (OWCP). 20 C.F.R. § 10.1. When a claim for compensation is submitted, OWCP determines whether the claimant is entitled to compensation. *See id.* § 10.125.

On June 16, 2023, Plaintiff submitted an administrative claim to the U.S. Navy, but not to the Department of Labor. *See* U.S. Exhibit A (Letter, Dominguez/Navy, w/encl.). As mentioned, the Supreme Court determined in *Johansen v. United States*, 343 U.S. 427 (1952), that civilian mariners (such as Plaintiff) employed by the government find their sole remedy in FECA, not in the Jones Act or under the general maritime law.[3] Although Plaintiff acknowledged the Court's holding in *Johansen*, she argued to the Navy that *Johansen* "is more than 70 years old and is ripe for reconsideration, particularly with regards to injuries caused by shipboard sexual assault." U.S. Exhibit A at 2.

On July 17, 2023, the Navy denied Ms. Dominguez's claim, identifying *Johansen* with particularity and explaining that she was and is a federal employee, making FECA her exclusive remedy:

> We have confirmed that Ms. Dominguez is a civilian mariner employed by the U.S. Navy's Military Sealift Command and . . . she was so employed at the time of the incident. As this injury is alleged to have occurred to a federal employee onboard a public vessel, the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 8101 et seq., provides the exclusive remedy.

[3] In *Johansen*, the U.S. Supreme Court held unequivocally that FECA is the exclusive remedy for civilian seamen on public vessels. *See Johansen*, 343 U.S. at 441. Further, the Court stated that since the government has created a comprehensive system to award payments for injuries, it should not make exceptions to that system without specific legislation to that effect. *Id.*

> I understand you disagree with this interpretation of FECA; however, I am required to settle maritime tort claims based upon the "probable results of litigation" per 32 C.F.R. § 752.2(c). Under this section, settlement of a claim may only be considered or determined where there is a reasonable probability that a federal court would award damages if the case were litigated. Based on the current judicial interpretation of FECA, I have determined that such an award is unlikely and I must, therefore, deny your claim.

U.S. Exhibit B (Letter, Navy/Dominguez) at 1-2.

On October 11, 2023, Plaintiff sent another letter, arguing that her injuries did not occur in the course of employment and that they are not covered by FECA:

> We respectfully submit that your interpretation of the FECA's applicability in this situation is overbroad. The FECA does not cover *any* injury to a federal employee but *only* those that arise in the performance of an employee's duties. Here, Ms. Dominguez was raped while she was asleep in her bedroom while off-duty – a situation that could not be further from the performance of her employment duties. For the reasons outlined below, we believe that if this matter were litigated in court, the factfinder would determine that FECA should not apply in these extreme circumstances.

U.S. Exhibit C (Letter, Dominguez/Navy) at 1 (emphasis original).

In contravention of Plaintiff's legal position, the FECA statute and the long line of federal cases that interpret it hold unequivocally that where a substantial question of FECA coverage exists, only the Department of Labor can resolve it.[4] Plaintiff requested reconsideration, and on November 17, 2023, the Navy again rejected her claim:

---

[4] *See* 5 U.S.C. § 8128(b) (Secretary's decision allowing or denying payment under FECA is final and conclusive and not subject to review by any official or court); *see also DiPippa*, 687 F.2d at 16 (Secretary's coverage decisions are absolutely immune from judicial review, whether or not a particular determination is grounded in logic or precedent).

> After consideration of the material you presented in your request and information provided with the initial claim, I remain convinced that, as this injury is alleged to have occurred to a federal employee onboard the U.S. public vessel to which she was assigned, the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 8101 et seq., provides the exclusive remedy for her injuries. I am required to settle maritime tort claims based upon the "probable results of litigation" per 32 C.F.R. § 752.2(c). Without a determination from the Department of Labor that FECA is inapplicable in this case, I do not believe a federal court would award damages if the case was litigated as an admiralty tort, and I must, therefore, deny your request for reconsideration.

U.S. Exhibit D (Letter, Navy/Dominguez) at 1.

Although apprised of the *Johansen* decision and its legal effect, Plaintiff has not sought a coverage determination from the Department of Labor. *See* U.S. Exhibit E (Calendrillo Decl. w/encl.). Instead, she filed the instant lawsuit on November 29, 2023. ECF No. 1 (Compl.). On that day, the USNS Carson City was located in port at Joint Expeditionary Base Little Creek-Fort Story. *See* U.S. Exhibit F (Silcox Decl.). That port, formerly known as Naval Amphibious Base Little Creek, is in Virginia Beach, Virginia.

**Discussion**

Federal courts lack subject-matter jurisdiction to adjudicate cases that present a substantial question as to whether alleged actions and injuries fall within the scope of FECA. Because the Department of Labor has determined that Plaintiff's allegations—if true—would do so, the Court lacks jurisdiction over this case, unless Plaintiff submits an administrative claim to the Department of Labor and that Department makes a contrary determination, *i.e.*, that FECA coverage is categorically unavailable. Additionally, if there were subject matter jurisdiction to

hear this case, venue is improper in the District of New Jersey.

## I. Legal Standards

### A. Rule 12(b)(1)

A court may treat a Rule 12(b)(1) motion either as a facial or a factual challenge to its subject matter jurisdiction. *See Gould Elec., Inc. v. United States*, 220 F.3d 169, 189 (3d Cir. 2000). "When deciding a Rule 12(b)(1) facial attack, the Court may only consider the allegations contained in the complaint and exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and 'undisputably authentic' documents which the plaintiff has identified as a basis of his claim and which the defendant has attached as exhibits to his motion to dismiss." *Trently v. United States*, No. 3:18-CV-00602, 2018 WL 6018890, at *2 (M.D. Pa. Nov. 16, 2018) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993); *Dykes v. Se. Penn. Transp. Auth.*, 68 F.3d 1564, 1567 (3d Cir. 1995)). When, as here, "a defendant does not challenge the facts alleged in the plaintiff's pleadings, a court may rule on the motion by accepting these allegations as true."[5] *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 290 (3d Cir. 2006) (citing *Gould Elec.*, 220 F.3d at 177).

---

[5] Exhibits A through D are pre-filing communications between Plaintiff and the Navy, which discuss her claim in greater detail. Exhibit E is the Department of Labor's determination, finding a substantial likelihood of FECA coverage. Exhibit F establishes the location of the USNS Carson City when this lawsuit was filed, for the purpose of determining proper venue. The information contained in these exhibits does not contradict Plaintiff's presentation of fact.

### B. Motion to Stay Standard

Courts' power to stay proceedings is inherent in their authority to control the disposition of cases on their docket. *Power Survey, LLC v. Premier Util. Servs, LLC*, 124 F. Supp. 3d 338, 339 (D.N.J. 2015). In doing so, courts consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Id.*

## II. A Stay of Proceedings Is Appropriate

### A. FECA is the Exclusive Remedy for Civilian Mariners Employed by the Government When Injuries Occur Within Its Scope.

For more than seventy years, courts have held that FECA is the exclusive remedy for civilian mariners employed by the government when there is FECA coverage. The Supreme Court's seminal case of *Johansen* resolved a circuit split. As explained in *Turner ex rel. v. Tenn. Valley Auth.*, 859 F.2d 412, 414 (6th Cir. 1988), two cases were before the Supreme Court. "In the second of those cases, *Mandel v. United States*, 191 F.2d 164 (3d Cir. 1951), the Third Circuit had decided that a seaman employed by the federal government was barred from bringing an action under the Jones Act because of the 'exclusive remedy' provision of the FECA." *Turner*, 859 F.2d at 414. "The Supreme Court affirmed the result of the Third Circuit . . . , and at the same time, it expressly disapproved the result in *Johnson v. United States*, 186 F.2d 120 (4th Cir. 1950), in which the Fourth Circuit had affirmed a decision permitting a federally employed seaman to commence a suit under the Jones Act for

injuries sustained while acting in the course of his employment." *Id.* In 1959, the Supreme Court affirmed *Johansen's* mandate. *See Patterson v. United States*, 359 U.S. 495 (1959) (per curiam).

"The Supreme Court has consistently held that the FECA is the exclusive remedy available to individuals employed by federal agencies and instrumentalities, concluding that such employees are barred from commencing an action under the Jones Act or other similar remedial statutes." *Turner*, 859 F.2d at 413–14 (*citing Johansen*, *supra*; *Patterson*, *supra*; *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190 (1983)). Since then, courts have uniformly adhered to the rule in *Johansen*, holding that if covered by FECA injured vessel crew cannot recover against the United States by looking to other statutes.

Plaintiff believes that *Johansen* is in need of reconsideration, *see* U.S. Exhibit A at 2, however, this Court lacks authority to reevaluate that decision. "A lower court owes deference to those above it; ordinarily it has no authority to reject a doctrine developed by a higher court." *U.S. ex rel. Shore v. O'Leary*, 833 F.2d 663, 667 (7th Cir. 1987) (citing *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) (per curiam); *Perri v. Director, Dept. of Corrections of Ill.*, 817 F.2d 448, 451 n.4 (7th Cir. 1987)). Federal district and circuit courts are "inferior court[s]," and "the Supreme Court's precedents do constrain [them]." *Payne v. Taslimi*, 998 F.3d 648, 654 (4th Cir. 2021) (citing *Agostini v. Felton*, 521 U.S. 203, 237 (1997)). "In looking up to the Supreme Court, [lower courts] may not weigh the same factors used by the Supreme Court to evaluate [their] own precedents in deciding

whether to follow their guidance." *Id.* Rather, they "must simply apply their commands." *Id.*

### B. A Substantial Question Exists as to Whether Plaintiff's Injuries Are Within the Scope of FECA.

Where a substantial question of FECA coverage exists, the Secretary of Labor has exclusive and unreviewable authority to make that determination. *See* 5 U.S.C. § 8128(b) (Secretary's decision allowing or denying payment under FECA is final, conclusive, and not subject to judicial review); *see also Heilman v. United States*, 731 F.2d 1104, 1109 (3d Cir. 1984) ("[T]he decision of the Secretary of Labor on whether FECA covers the alleged injury and on the amount of compensation, if any, is final, and review of any kind by any court is absolutely barred.").

When a claim is covered by FECA, the United States has not waived sovereign immunity, and federal district courts will not entertain claims under the FTCA, or presumably the PVA. *See DiPippa*, 687 F.2d at 16 (citing *Joyce v. United States*, 474 F.2d 215, 219 (3d Cir. 1973); *Somma v. United States*, 283 F.2d 149, 151 (3d Cir. 1960)); *accord Wallace v. United States*, 669 F.2d 947, 951 (4th Cir. 1982) ("In light of the authority Congress has given to the Secretary of Labor, most federal circuit courts have followed the rule that a federal employee cannot file an action . . . if there is a 'substantial question' whether FECA applies . . . .") (citations omitted)).

Here, at the very least, there is a substantial question of FECA coverage. The OWCP examined the facts set forth in Plaintiff's Complaint and issued an opinion finding that, if true, those allegations would fall under FECA's umbrella. *See* U.S. Exhibit E (Calendrillo Decl.). Specifically, the Employees' Compensation Appeals

Board (ECAB or the Board) has interpreted the statutory phrase "sustained while in the performance of . . . duty," 5 U.S.C. § 8102(a), to mean "arising out of and in the course of employment," a phrase commonly found in workers' compensation laws. *See Charles Crawford*, No. 88-1876, 1989 WL 513692, at **3, 40 ECAB 474, 476-77 (Jan. 31, 1989) ("The term 'in the performance of duty' has been interpreted to be the equivalent of the commonly found prerequisite in workers' compensation law, 'arising out of and in the course of employment.'"); *M.T.*, No. 19-1546, 2020 WL 2476852, at *4 (ECAB Mar. 5, 2020) (same). "The phrase 'in the course of employment' is recognized as relating to the work situation, and more particularly, relating to elements of time, place, and circumstance." *D.C.*, No. 18-1216, 2019 WL 1583348, at *2 (ECAB Feb. 8, 2019).[6]

Building on these concepts, the Board has consistently held that a federal employee in a travel status or on a special mission for his or her employer remains under FECA's protection, which leads to coverage for any injury that results from activities incidental to that employee's duties.[7] *See T.C.*, No. 16-1070, 2017 WL

---

[6] In contrast, an employee *not* engaged in an employer's bidding is *not* covered by FECA. *See*, *e.g.*, *William W. Knispel*, No. 05-674, 2005 WL 6108980, 56 ECAB 639, 645–46 (July 25, 2005) (employee remained on employer's premises for personal reasons); *Mary Keszler*, No. 87–232, 1987 WL 119926, 38 ECAB 735, 743 (Aug. 27, 1987) (employee left work to cash a salary check).

[7] It is, however, possible for a federal employee in a travel status to engage in activities that are not incidental to her duties, removing any resulting injury from the scope of FECA protection. *Cf. S.K.*, No. 10-1553, 2011 WL 1734668, at *4 (ECAB Mar. 21, 2011) (sexual assault of a federal disaster assistance worker did *not* occur in the performance of duty because her visit to a stranger's room at a different hotel had no business-related purpose).

976104, at *2 (ECAB Jan. 24, 2017) ("Under FECA, an employee on travel status or a temporary-duty assignment or special mission for his or her employer is in the performance of duty and therefore under the protection of FECA 24 hours a day with respect to any injury that results from activities essential or incidental to his or her special duties.").

In *S.K.*, No. 18-1411, 2020 WL 5513626 (ECAB July 22, 2020), for example, the ECAB addressed facts similar to those presented here. A federal housing specialist was attending an employment-related conference. While drinking with coworkers at a hotel bar after working hours, she was allegedly drugged, followed back to her room, and sexually assaulted. *Id.* at *1. The Board held that her injuries were covered by FECA because her travel status necessitated her stay at a hotel, placing her under "the protection of FECA 24 hours a day with respect to any injury that results from activities incidental to such duties." *Id.* at *5.

Similarly, Ms. Dominguez was on the USNS Carson City because her job required that she be there. The ship was deployed, and as a practical matter she had no other place to live. The alleged assault occurred in her stateroom, a government premises. On these facts, a substantial likelihood of FECA coverage exists. Where a substantial question of FECA coverage exists, courts defer to the Department of Labor in assessing its availability.

In *DeGironimo v. United States*, No. 2:18-cv-14594, 2020 WL 13561291 (D.N.J. Mar. 9, 2020), for example, separate plaintiffs each independently claimed to be the "victims of workplace assaults during their employment as Customs and Border

Patrol Officers at Newark Liberty International Airport." *Id.*, 2020 WL 13561291, at *1. One assault involved the performance of "simulated sex." *Id.* In the other instance, the victim was taken by the arm, led to an office chair, and tied up with green U.S. customs tape. *Id.* These events were no more a part of those victims' day-to-day duties than Ms. Dominguez's assault. Nonetheless, the *DeGironimo* court concluded that there was a substantial question that the acts were covered by FECA, because FECA "provides federal employees with a comprehensive remedy for work-related injuries" and "precludes any federal employee from bringing suit for 'personal injury sustained while in the performance of his duty.'" *Id.* (quoting 5 U.S.C. §§ 8102, 8116(c)) (citation omitted).

**C. A Stay Is Appropriate in this Case.**

Notwithstanding the Court's lack of subject matter jurisdiction, a stay is more appropriate than dismissal, as a stay would avoid potential prejudice to Plaintiff due to statutes of limitation. *See DiPippa*, 687 F.2d at 20 ("To avoid statute of limitations problems, the district court should stay proceedings in the action until the Secretary resolves the question of FECA coverage."). Here, both the Suits in Admiralty Act (SAA), 46 U.S.C. §§ 30901-18, and the PVA, 46 U.S.C. §§ 31101-13, set a two-year limitation period. *See id.* § 30905, *id.* § 31103.

A stay will allow the Secretary of Labor to determine the central legal issue in this case, which is whether the incident is covered by FECA, and given that this case is still at the pleadings stage, a stay is economical for the Court, for the litigants, and for counsel. *See Power Survey, LLC*, 124 F. Supp. 3d at 339. For these reasons and

under the well-settled precedent set forth above, a stay of proceedings is appropriate.

### III. Venue Is Improper in the District of New Jersey

If this Court were to have subject matter jurisdiction, venue is proper in the Eastern District of Virginia, not the District of New Jersey. The limited waivers of sovereign immunity under which Plaintiff brings this action are the Suits in Admiralty Act (SAA), 46 U.S.C. §§ 30901-18, and the PVA, 46 U.S.C. §§ 31101-13. *See* Compl. ¶ 7. Plaintiff contends that venue is proper in this Court, *id.*, which is incorrect.

The USNS Carson City is a public vessel, one owned by the government and used for a public purpose.[8] Under the SAA, venue is proper where "any plaintiff resides or has its principal place of business; or [where] the vessel or cargo is found." 46 U.S.C. § 30906. But under the PVA, a civil action "shall be brought" in the "district in which the vessel . . . is found within the United States." 46 U.S.C. § 31104. Where the SAA and PVA conflict, the PVA controls in public vessel cases, such as this one. *See United States v. United Cont'l Tuna Corp.*, 425 U.S. 164, 181 (1976) ("[C]laims within the scope of the Public Vessels Act remain subject to its terms[.]"); *In re Energetic Tank, Inc.*, 607 F. Supp. 3d 328, 336 (S.D.N.Y. 2022) ("Two federal admiralty statutes waive sovereign immunity in certain collision cases: The Suits in Admiralty Act, 46 U.S.C. § 30901, *et seq.*, and the Public Vessels Act, 46 U.S.C. § 31101, *et seq.* The two statutes overlap significantly, but where their terms conflict,

[8] *See In re United States*, 367 F.2d 505, 509 (3d Cir. 1966) ("We think government ownership and use as directed by the government exclusively for a public purpose suffice without more to make a ship a public vessel.").

the Public Vessels Act controls.") (citing *United Cont'l Tuna*, 425 U.S. at 181).

The USNS Carson City was in Little Creek, Virginia, when Plaintiff sued, putting venue in the Eastern District of Virginia. *See Asociacion de Pescadores de Vicques, Inc. v. United States*, 497 F. Supp. 54, 55-56 (D.P.R. 1979) (where two public vessels "were moored at Naval Amphibious Base, at Little Creek, Virginia" at the time of filing, "[i]t is clear that proper venue and admiralty jurisdiction would exist in the Eastern District of Virginia.").

**Conclusion**

Based on the foregoing, the United States respectfully requests that the Court stay the proceedings to permit Plaintiff to file a FECA claim with the Department of Labor, should she choose to do so. Alternatively, in the unlikely event that the Court has subject matter jurisdiction, transfer to the United States District Court for the Eastern District of Virginia would be appropriate.

Dated: February 13, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PHILIP R. SELLINGER
United States Attorney

JOHN STINSON
Assistant U.S. Attorney
401 Market Street, 4th Floor
Camden, NJ 08101
Tel. 856-757-5139
E-mail: John.Stinson@usdoj.gov

*/s/Michael A. DiLauro*

MICHAEL A. DiLAURO
Senior Admiralty Counsel
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division
U.S. Department of Justice
(overnight courier)
175 N St., N.E., Ste. 11.214
Washington, D.C. 20002
(mailing)
P.O. Box 14271
Washington D.C. 20044-4271
Telephone: (202) 616-4047/4060
Facsimile: (202) 616-4159
E-mail: michael.dilauro@usdoj.gov
*Counsel for Defendant United States*